## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

CARL W. WALKUP,                        )
                                       )
    Plaintiff,                  )
                                       )
    v.                          )         No. 3:20-CV-05033-DGK
                                       )
KILOLO KIJAKAZI,                       )
Commissioner of Social Security,       )
                                       )
    Defendant.                  )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Carl W. Walkup's application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including of multiple joint osteoarthritis, degenerative joint disease of the lumbar spine, and posttraumatic stress disorder. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform his former work as a poultry eviscerator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for benefits on May 17, 2017, alleging a disability-onset date of August 1, 2016. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on April 8, 2019, and on May 9, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review January 28, 2020, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

### Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).  Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence.

RFC is defined as the most a claimant can still do despite his physical or mental limitations. *See* 20 C.F.R. § 404.1545(a)(1).  "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005).  Although an ALJ must rely upon "some medical evidence" to formulate a claimant's RFC, the phrase "some medical evidence" is not limited to a medical opinion.  *See Anderson v. Shalala*, 51 F.3d 777, 779–80 (8th Cir. 1995); *see also Fields v. Astrue*, No. 2:11-CV-35-FRB, 2012 WL 6705863, at *13 (E.D. Mo. Dec. 26, 2012).  The Eighth Circuit has held that an ALJ's RFC assessment was supported by substantial evidence even when there was no supporting medical opinion. *See Stallings v. Colvin*, No. 6:14-CV-03273-MDH, 2015 WL 1781407, at *3 (W.D. Mo. Apr. 20, 2015) ("Eighth Circuit case law reveals that an ALJ can appropriately determine a claimant's RFC without a specific medical opinion so long as there is

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work.  The evaluation process ends if a determination of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g).  Through step four of the analysis the claimant bears the burden of showing she is disabled.  After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

sufficient medical evidence in the record."). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016); *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

Here, the ALJ determined that Plaintiff retained the RFC to stand and walk for eight hours in an eight-hour workday and two hours at any one time. R. at 24. Agency medical consultant Donna McCall, D.O. opined in the initial disability determination that Plaintiff could only stand and walk for six hours in an eight-hour workday, a determination that the ALJ found to be persuasive. R. at 106, 119. Therefore, Plaintiff argues the RFC is not supported by substantial evidence because the ALJ failed to follow Dr. McCall's determination. If the ALJ had followed Dr. McCall's determination, Plaintiff argues, his RFC would preclude his previous work as a poultry eviscerator.

Plaintiff's argument is unavailing. An ALJ is only required to articulate how persuasive he finds a prior administrative medical finding based on the factors listed in 20 C.F.R. §§ 404.1520c (c) (for supplemental security income) and 416.920c(c) (for disability insurance benefits). A determination that a prior administrative medical finding is persuasive does not obligate the ALJ to adopt that prior administrative medical finding in its entirety. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("[The Social Security Administration] will not defer or give any specific evidentiary weight, including controlling weight, to any . . . prior administrative medical findings . . . ."); *see also Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (noting the ALJ "'is responsible for determining a claimant's RFC' . . . [based on] 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations,'" and therefore need not rely wholly on the evaluations of examining physicians) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023–24 (8th Cir. 2002)). Here, the ALJ fulfilled

4

his requirement by finding Dr. McCall's prior administrative medical finding persuasive. R. at 26. He was not required to adopt Dr. McCall's opinion that Plaintiff only retained the RFC to stand and walk for six hours in an eight-hour workday.

Substantial evidence supports the ALJ's determination. Reports from Plaintiff's medical examinations between August 6, 2015, and November 12, 2018, show that Plaintiff exhibits only mild osteoarthritis, degenerative disc disease and spondylosis of the lumbar spine, R at 1059–61, a normal gait, R. at 338, 344, 349, 357, 395, 410, 553, 597, 618, 642, 682, 721, 776, 792, 1307, 1396, 1416, 1545, 1621, 2401, a normal range of motion, R. at 341, 373, 413, 590, 710, 751, 848, 890, 958, 987, 1011, 1020, 1052, 1058, 1626, 1657, 1869, 2345, 2363, no edema, R. at 338, 349, 352, 385, 642, 710, 751, 890, 958, 1020, 1052, 1058, 1545, 1606, 1657, 2345, no tenderness, R. at 352, 385, 751, 890, 1011, 1020, 1052, 1058, 1626, 1657, normal strength, sensation, and reflexes, R. at 385, 394, 553, 590, 597, 618, 642, 682, 721, 751, 859, 1011, 1020–21, 1052, 1058, 1626, 1869, 2345–46, 2389, clear lungs and normal breath sounds, R. at 338, 341, 344, 349, 373, 385, 394, 410, 413, 590, 642, 710, 751, 848, 890, 958, 987, 1011, 1020, 1052, 1057, 1307, 1544, 1626, 1657, 1869, 2345, 2389, no respiratory distress, R. at 341, 385, 590, 710, 751, 804, 890, 958, 1011, 1020, 1052, 1057, 1657, 2401, and regular heart rate and rhythm, R. at 346, 349, 373, 590, 710, 751, 848, 890, 958, 987, 1011, 1020, 1052, 1057, 1307, 1396, 1544, 1606, 1626, 1657, 1869, 2345, 2389. In addition, Plaintiff reported that he performs household chores such as yard work and is able to run errands and shop in stores. R. at 293–95, 792. Considering the objective medical evidence and Plaintiff's activities of daily living, substantial evidence on the record as a whole supports the ALJ's RFC determination.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   August 6, 2021                       /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT